**FILED**

JAN 2 2 2018

Clerk, U.S. District Court
District Of Montana
Billings



# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CV 17-138-BLG-SPW** |
| **Plaintiff,** | |
| vs. | **FINDINGS OF FACT,** |
| | **CONCLUSIONS OF LAW,** |
| **SEVEN FIREARMS AND** | **DEFAULT JUDGMENT, AND** |
| **AMMUNITION,** | **ORDER OF FORFEITURE** |
| **Defendant.** | |

This matter is brought before this Court by Plaintiff, United States, by and through its attorney, Victoria L. Francis, Assistant U.S. Attorney for the District of Montana. The United States has filed a Motion for Entry of Default Judgment and Order of Forfeiture pursuant to Fed. R. Civ. P. 55(b)(2). (Doc. 13). Upon considering the pleadings filed herein, the Court makes the following Findings of Fact and Conclusions of Law.

1

## FINDINGS OF FACT

1. On October 12, 2017, the United States instituted a judicial forfeiture action by filing in this cause a Verified Complaint *in Rem* against the defendant firearms, consisting of the following property involved in a violation of 18 U.S.C. § 922(g)(1), and 18 U.S.C. § 922(a)(1)(A), and subject to forfeiture pursuant to 18 U.S.C. § 924(d):

- Uberti Aldo Revolver, Model 1873 Cattleman, .45 Caliber, Serial No. N04495;

- Savage Rifle, Model Axis, 243 Caliber, Serial No. H943075;

- Marlin Rifle, Model 336W, 30-30 Caliber, Serial No. MR12000F;

- Remington Rifle, Model 700, 7 Caliber, Serial No. RR87888F;

- Mauser Rifle, Model 1891, 30-06 Caliber, Serial No. B2906;

- Savage Shotgun, Model 67E, 12 Caliber, Serial No. D683631;

- Remington Shotgun, Model 870, 20 Caliber, Serial No. RS24620U;

- 1,437 assorted multi caliber ammunition;

- 95 assorted 20 caliber ammunition; and

- 82 assorted 12 caliber ammunition.

2. On October 17, 2017, the ATF Special Agent Stephen Feuerstein, executed the Warrant of Arrest *in Rem* (Doc 3) that was issued by this Court on

October 16, 2017, and arrested the defendant firearms. (Declaration of Arrest, Doc. 4).

3. On October 17, 2017, the United States provided "actual notice" of this civil asset forfeiture action by mailing the Notice of Complaint for Forfeiture and Verified Complaint In Rem (Doc. 5) to Peggy Corkill, via first class U.S. mail and Certified mail to the address provided in her administrative claim. (*See* First Class U.S. mailing and Certified mailing, attached to Doc. 7 as Ex.s 1 and 2)

4. On October 17, 2017, the United States provided "actual notice" of this civil asset forfeiture action by mailing the Notice of Complaint for Forfeiture and Verified Complaint In Rem (Doc. 5) to Jeremy Corkill, via first class U.S. mail and Certified mail to the address provided by law enforcement. (*See* First Class U.S. mailing and Certified mailing, attached to Doc. 7 as Ex.s 3 and 4)

5. Notice of this forfeiture action was also provided to any and all unknown potential claimants by publishing on the government's asset forfeiture website the Notice of Forfeiture Action for 30 consecutive days, beginning on October 25, 2017, and ending on November 23, 2017. The "Notice of Forfeiture Action" provides in pertinent part as follows:

> Any person claiming a legal interest in the Defendant Property must file a verified Claim with the court within 60 days from the first day of publication (October 25, 2017) of this Notice on this official government internet web site and an Answer to the

complaint or motion under Rule 12 of the Federal Rules of Civil Procedure within 21 days thereafter. . . .

(Dec. of Publication, Doc. 9, Att. 1).

6. Upon considering the United States' Motion for Entry of Default of Known Potential Claimants (Doc. 6), the Clerk of District Court entered the default of Peggy Corkill and Jeremy Corkill, on November 30, 2017, for failure to timely file a verified claim and/or to answer or otherwise defend as required by the Supplemental Rules. (Doc. 8).

7. Upon considering the United States' Motion for Entry of Default of Unknown Potential Claimants (Doc. 10), the Clerk of District Court entered the default of Unknown Potential Claimants, on December 28, 2017, for failure to timely file a verified claim and/or to answer or otherwise defend as required by the Supplemental Rules. (Doc. 12).

8. The factual allegations set forth in paragraphs 1 through 14 of the Verified Complaint, are verified by ATF Special Agent, Stephen Feuerstein. (Doc. 1, pg. 8)

Based upon the foregoing findings of fact, the Court makes the following conclusions of law.

## CONCLUSIONS OF LAW

9. The Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1345

4

and 1355. The United States has filed a Verified Complaint for Forfeiture In Rem to forfeit the defendant property consisting of firearms, pursuant to 18 U.S.C. § 924(d)(1).

10. Venue is proper in this District pursuant to 28 U.S.C. §§ 1355 and 1395, because the acts or omissions giving rise to the forfeiture occurred in and around Molt, Montana, and the defendant property is located in this district.

11. Civil forfeitures are governed by the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure. *United States v. 2659 Roundhill Drive*, 283 F.3d 1146, 1149 n.2 (9th Cir. 2002).

12. The Verified Complaint for Forfeiture *in Rem* sets forth detailed facts to support a reasonable belief that the United States will be able to meet its burden of proof at trial as required by Supplemental Rule G(2)(f), to support probable cause, and to provide proof by a preponderance of the evidence to seize and arrest the defendant firearms described in the verified complaint.

13. Under 18 U.S.C. § 924(d), any firearm or ammunition involved or used in any violation of 18 U.S.C. § 922(g)(1), shall be subject to seizure and forfeiture.

14. Notice of this action was properly provided to known potential claimants, Peggy Corkill and Jeremy Corkill, by providing "actual notice" by

5

mailing the Verified Complaint *In Rem,* , in accordance with Supplemental Rule G(4)(b)(v).

15.    In accordance with Fed. R. Civ. P. 55(a) and Supplemental Rules A(2) and G(5), the Clerk of District Court properly entered the default of Peggy Corkill and Jeremy Corkill.    (Doc. 8).

16.    Notice by publication was also provided to any and all unknown potential claimants in accordance with Supplemental Rule (G)(4)(a)(iv)(C).

17.    In accordance with Fed. R. Civ. P. 55(a) and Supplemental Rules A(2) and G(5), the Clerk of District Court properly entered the default of unknown claimants.    (Doc. 12).

18.    The United States is entitled to default judgment against the defendant firearms and ammunition and against any claims to the defendant property under Fed. R. Civ. P. 55(b)(2).    The United States is further entitled to an order of forfeiture of the defendant firearms.

Based upon the foregoing findings of fact and conclusions of law,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

1.    The United States is granted a default judgment against the defendant firearms and ammunition, which are more particularly described as follows:

6

- Uberti Aldo Revolver, Model 1873 Cattleman, .45 Caliber, Serial No. N04495;

- Savage Rifle, Model Axis, 243 Caliber, Serial No. H943075;

- Marlin Rifle, Model 336W, 30-30 Caliber, Serial No. MR12000F;

- Remington Rifle, Model 700, 7 Caliber, Serial No. RR87888F;

- Mauser Rifle, Model 1891, 30-06 Caliber, Serial No. B2906;

- Savage Shotgun, Model 67E, 12 Caliber, Serial No. D683631;

- Remington Shotgun, Model 870, 20 Caliber, Serial No. RS24620U;

- 1,437 assorted multi caliber ammunition;

- 95 assorted 20 caliber ammunition; and

- 82 assorted 12 caliber ammunition.

2. The defendant firearms are hereby forfeited to the United States and shall be disposed of in accordance with the law.

**DATED** this 22nd day of January, 2018.

Susan P. Watters
Susan P. Watters
United States District Judge